**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAUSE OF ACTION, | ) |
| 1919 Pennsylvania Avenue, NW, Suite 650 | ) |
| Washington, D.C. 20006, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| HOMELAND SECURITY, OFFICE OF | ) |
| INSPECTOR GENERAL, | ) |
| 245 Murray Drive, SW, Bldg. 410 | ) |
| Washington, D.C. 20528, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2006 &

Supp. IV 2010), seeking the disclosure of agency records improperly withheld from Plaintiff

Cause of Action by Defendant United States Department of Homeland Security, Office of

Inspector General.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, 5 U.S.C. §

552 (a)(4)(B), and 5 U.S.C. § 552(a)(6)(E)(iii).

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e), because

Defendant resides in this district and a substantial part of the events and omissions which gave

rise to this action occurred in this district.  Venue is also proper under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3.      Plaintiff is a nonpartisan, nonprofit organization that uses public advocacy and legal reform strategies to ensure greater transparency in government and protect taxpayer interests and economic freedom.  In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal government agencies, entities, and offices, and disseminates its findings to the public.

4.      Defendant is an agency within the meaning of 5 U.S.C. § 552(f)(1).  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.       On March 27, 2013, Plaintiff submitted, via electronic and certified mail, a FOIA request to Defendant seeking access to the following records:

a)  All documents produced, compiled or released for DHS OIG FOIA case number 2013-11;

b)  All documents produced, compiled, or released for DHS OIG FOIA case number 2013-29;

c)  All documents produced compiled or released for DHS OIG FOIA case number 2012-175;

d)  All documents regarding Mr. [Charles] Edwards's official travels (in his capacity as Deputy Inspector General, Acting Inspector General or any other DHS position), for site checks or any other purpose, including the names of any individuals (including DHS employees) who accompanied Mr. Edwards, as well as travel vouchers, receipts or any other travel records, from February 27, 2011 to the present;

e)  All documents, including reports, investigations, emails and hotline complaints, regarding any complaints against Mr. Edwards received by DHS OIG and the subsequent handling of such complaints by the Office of investigations from February 27, 2011 to the present; and

2

f)  All documents disclosed to Andrew Becker, a journalist at the Center for Investigative Reporting, from February 27, 2011 to the present.  *See* Ex. 1.  Plaintiff also requested news media status for fee purposes, as well as a public interest waiver of any applicable fees.  *See id.*

6.       Defendant issued a letter, dated April 5, 2013, acknowledging receipt of Plaintiff's FOIA request on March 27, 2013, assigning the request a tracking number (2013-073), and granting Plaintiff's request for media status.  *See* Ex. 2.  Defendant also invoked a ten-day extension of the statutory time period within which to respond to Plaintiff's request, explaining that it needed to review "a voluminous amount of records."  *Id.*

7.       On May 1, 2013, Plaintiff requested that Defendant make a determination on its FOIA request within twenty working days.  *See* Ex. 3.

8.       In an e-mail exchange dated May 22, 2013, Plaintiff asked Defendant for an update on the status of its FOIA request and advised Defendant that it might be able to narrow the request upon the production of particular records.  *See* Ex. 4.  In response, Defendant asked Plaintiff to clarify why it was willing to narrow the scope of the request; it did not provide an estimated date for processing the request.  *See id.*  Plaintiff, in turn, explained that it might be willing to narrow the request if that would lead to the prompt release of two categories of requested records that Defendant had released previously to another FOIA requester.  *See* Ex. 4 (referring to the third and sixth items of the request).  Defendant did not respond further to Plaintiff.  *See id.*

9.       Through the date of this Complaint, Defendant has failed to make a determination on any records sought in Plaintiff's FOIA request.

10.      Plaintiff has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C) with respect to its FOIA request.

## COUNT 1

### Violation of the FOIA:  Failure to Comply with Statutory Deadlines

11.     Paragraphs 1 through 10 above are hereby incorporated by reference as if set forth fully herein.

12.     Defendant has improperly withheld agency records requested by Plaintiff by failing to make a determination on Plaintiff's request within the statutory time limit set forth in 5 U.S.C. §§ 552(a)(6)(A)-(B).

13.     Plaintiff is entitled to injunctive relief with respect to the disclosure of the requested records.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests and prays that this Court:

a.  order Defendant to produce, by a date certain, all reasonably segregable, non-exempt records responsive to Plaintiff's FOIA request;

b.  provide for expeditious proceedings in this action;

c.   award Plaintiff its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

d.   grant such other relief as the Court may deem just and proper.

Respectfully submitted,

Dated: June 11, 2013

/s/ Daniel Z. Epstein_____
Daniel Z. Epstein (D.C. Bar No. 1009132)
CAUSE OF ACTION
1919 Pennsylvania Avenue N.W., Suite 650
Washington, D.C. 20006
202-499-4232
Email: Daniel.epstein@causeofaction.org

*Attorney for Plaintiff*